UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 19-50 (ADM/TNL) |
| | ) | |
| v.     Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM IN** |
| JOHNTEZ LEONDIS RANDLE, | ) | **SUPPORT OF HEARING PURSUANT** |
| | ) | **TO *FRANKS v. DELAWARE*** |
| Defendant. | ) | |

Johntez Randle, through undersigned counsel, submits this memorandum in support of his Motion for a *Franks* Hearing. Though *Franks* sets a high standard for when a reviewing court may look beyond the "four corners" of a search warrant, that standard is clearly met in this case.

### I.     *Franks v. Delaware*

In *Franks v. Delaware*, the Supreme Court considered the question of whether a reviewing court could, under certain circumstances, delve into the contents of an affidavit presented in support of a search warrant to examine its veracity. The Court ultimately decided that such an examination was permitted under certain circumstances.

> Because it is the magistrate who must determine independently whether there is probable cause, it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment.

*Franks*, 438 U.S. 154, 165 (1978)(internal citations omitted). Although the Court made clear that a "presumption of validity" applied to an affidavit submitted in support of a warrant, that presumption is not insurmountable. *Franks*, 438 U.S. at 171.

In order to obtain a hearing in which a reviewing court looks beyond the four corners of the affidavit to examine the truthfulness of the information contained therein,

1

the Court determined that a defendant must meet three requirements. First, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. Second, these allegations must be accompanied by an offer of proof. Affidavits or sworn or otherwise reliable evidence should be furnished. Third, the defendant must establish that the allegedly false statement is necessary to the finding of probable cause. If the defendant clears these three hurdles, the Fourth Amendment requires that a hearing be held at the defendant's request. *Franks,* 438 U.S. at 155, 171.

The Eighth Circuit holds that "[t]o prevail on a *Franks* challenge, a defendant must show the following: (1) the affiant officer knowingly and intentionally, or with reckless disregard for the truth, included a false or misleading statement in, or omitted information from, the affidavit in support of the warrant; and (2) the affidavit would not establish probable cause if the allegedly false information is ignored or the omitted information is supplemented." *United States v. Smith*, 715 F.3d 1110, 1118 (8th Cir. 2013)(*quoting United States v. Cowling*, 648 F.3d 690, 695 (8th Cir. 2011). *See also United States v. Reivich*, 793 F.2d 957, 960 (8th Cir. 1986)(extending *Franks* to deliberate omissions.)

**II.     Statements Made With Reckless Disregard For The Truth**

There are three search warrants in this case; one for a home on Vera Cruz Lane in Brooklyn Park, one for Mr. Randle's person, and one for an Audi vehicle. These warrants

and supporting affidavits comprise Exhibit A to this Memorandum.[1] Each search warrant focuses on a male alleged to be selling crack cocaine in Minneapolis. Each of the supporting affidavits indicate that the affiant, a Minneapolis Police officer since 2007, identified that male as Johntez Randle through unspecified "various investigative techniques." In each of the three affidavits, the affiant goes on to say that he "has had many interactions with RANDLE including arrests and undercover crack cocaine buys from RANDLE." Relevant to Mr. Randle's argument here, the affidavits use the plural form of the words "arrest" and "buys", which means that the affiant represented to the warrant's reviewing judge that he had arrested Mr. Randle more than once, *and* purchased crack cocaine in an undercover capacity more than once.

An investigator for the Office of the Federal Defender sought records – including police reports from the Minneapolis Police Department – for all of Mr. Randle's contacts with the Affiant of the search warrants in question from 2006 to the present day. Those reports indicate that the Affiant has had only one undercover buy and one arrest in his past. This buy and arrest occurred in 2012. While a separate police report indicates that Mr. Randle and the Affiant were both at the scene of another person's arrest in 2008, that report indicates that Mr. Randle was released without an arrest or charges.[2] Thus, the use of plural terminology regarding "arrests" and "buys" appears to be inaccurate.

---

[1] Exhibit A contains street addresses and license plate numbers. For this reason, counsel will file Exhibit A under seal.

[2] The 2008 report is Exhibit B, and the 2012 report is Exhibit C. Because both reports contain personal identifying information of Mr. Randle and others, both exhibits will be filed under seal.

Further, the nature of the reported information – it comes directly from the Affiant's personal observations and experiences – shows a reckless disregard for the truth. In determining if "an affiant's statements were made with reckless disregard for the truth," the test "is whether, after viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *United States v. McIntyre*, 646 F.3d 1107, 1114 (8th Cir. 2011) (citing *United States v. Butler*, 594 F.3d 955, 961 (8th Cir.2010)). Here, the Affiant is not relying on information obtained from another officer or a separate source of information; whether he bought crack cocaine and arrested Mr. Randle on more than one occasion is information about which he has direct, first-hand knowledge. Any inaccuracy regarding that statement is a matter over which he has complete control. Thus, if the police reports obtained by the defense are complete and accurate, the Affiant had an obvious reason – his own memory – to doubt the accuracy of the statement regarding his history with Mr. Randle.

### III.     Effect of Statement Made With Reckless Disregard For the Truth On The Issue Of Probable Cause

Probable cause is "a fluid concept turning on the assessment of probabilities in particular factual concepts" and as such is "not readily, or even usefully, reduced to a neat set of rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983); *see also Ornealas v. United States*, 517 U.S. 690, 697 (1996).  To determine whether probable cause exists to support a search warrant, we must look at the "totality of the circumstances." *Id.* The affidavit would not establish probable cause if it noted that the Affiant had only once bought crack

4

cocaine and arrested Mr. Randle. That is because a single contact by the Affiant six years earlier was insufficient to prove probable cause when the issue of the identity of the alleged seller of crack cocaine was not otherwise sufficiently established in the search warrant affidavit. The Affiant mentions unspecified "various investigative techniques" in support of his belief that the crack cocaine seller is named Johntez Randle. Although an alleged "confidential reliable informant" is employed to purchase crack cocaine, that CRI never identifies Mr. Randle by legal name, nickname, or phone number, or address. The affidavit includes no information from the CRI about Mr. Randle's appearance or other unique identifying information. Indeed, from the text of the affidavit, the only identifying information provided by the CRI to the Affiant is that "a male is selling crack cocaine in and around the city of Minneapolis MN." Although the CRI identified a picture of Mr. Randle presented by the Affiant, it appears that this identification procedure was a single-photo show-up, as opposed to a sequentially-presented photo lineup. The former can often be employed in an unreasonably suggestive manner.

    Beyond the affidavit's problems with basic identifying information for the alleged crack cocaine seller, the remainder of the search warrant affidavit fails to meet probable cause. The lack of information about the alleged sale to the CRI leaves serious questions about its sufficiency to support a belief that contraband would be located in any of the places to be searched. The affidavit fails to mention anything about where the CRI made the claimed purchase – there is a vague suggestion that it occurred in Minneapolis – or when "within the past 72 hours," the purchase occurred. Further, the affidavit makes a conclusory link between Mr. Randle and the address to be searched – it is "listed as his

reported address." Other commonly-used law enforcement techniques used to demonstrate the reliability of the alleged sale to the CRI are not present in the affidavit. The affidavit does not indicate that there was any surveillance equipment – audio or video – used by the informant or surveillance officers. Another common investigative technique is to record any phone contact between the CRI and a drug dealer. Presumably, there should have been telephone contact (or preserved text messages) between Mr. Randle and the CRI before the alleged sale. But the affidavit mentions nothing of a recording, and does not even suggest that a phone call or text messages took place.

### IV.  *Leon* and the Good Faith Exception

The government may argue that the search warrants are saved by the good faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984). However, this argument must fail. *Leon* does not excuse *Franks* violations. *See, e.g.*, *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993)(citing *Leon*, 468 U.S. at 914 & n. 12, 923). As the *Leon* Court held, "[s]uppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Leon*, 468 U.S. at 923.

### V.  Conclusion

Based on the above-stated arguments, Mr. Randle makes the necessary showing pursuant to *Franks v. Delaware* and respectfully requests that the Court schedule a *Franks* hearing at its convenience.

Dated:  April 8, 2019	Respectfully submitted,

*s/ Reynaldo A. Aligada, Jr.*

REYNALDO A. ALIGADA, Jr.
Attorney ID No.  319776
Attorneys for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415