UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-50(1) (ADM/TNL)

_____

United States of America,

                Plaintiff,          **SECOND MOTION FOR
SUPPLEMENTAL DISCOVERY**

vs.

Johntez Leondis Randle,

                Defendant.

_____

     Johntez Randle, through his prior counsel, moved the Court to order the government to provide Mr. Randle with supplemental discovery relevant to a motion he has filed pursuant to *Franks v. Delaware*. As discussed in the prior motion, Mr. Randle has raised a colorable claim under *Franks*, and evidence of witness credibility in this context falls under the disclosure umbrella of *Brady v. Maryland*. Thus, additional discovery relevant to the alleged controlled purchase of narcotics from Mr. Randle – which was used to obtain search warrants at issue in this case – must be disclosed to the defense. This second motion will identify further discovery necessary to the defense in relation to Mr. Randle's *Franks* motion.

     As argued in the prior motion for supplemental discovery, Officer Efrem Hamilton's assertions in his affidavit in support of the three challenged search warrants are subject to serious doubt sufficient to require a *Franks* hearing. Off. Hamilton alleges a personal history with Mr. Randle not borne out by the available evidence. And given the

1

weakness of the allegations of probable cause, argued by Mr. Randle in his four-corners memorandum, the credibility of each allegation is of the utmost importance.

The Court's decisions on Mr. Randle's pretrial motion to suppress evidence and his motion pursuant to *Franks v. Delaware* will depend in significant part on Hamilton's affidavits. As noted above, Hamilton made several representations in the affidavits and in his supplementary declaration that appear to be either inaccurate, contradictory, or false. As noted *supra*, preliminary investigation by the defense has already cast doubt on the veracity and credibility of Hamilton's sworn testimony in both the affidavits and the declaration. In addition to the evidence requested in his prior motion, Mr. Randle also requests that the government disclose the following regarding the alleged October 2018 controlled buy:

1. Police reports regarding the controlled buy;
2. Recordings of audio or video surveillance of alleged controlled buy;
3. Date and time of the controlled buy;
4. Specific location of the controlled buy;
5. Description of any suspect vehicles involved in the controlled buy;
6. Records regarding the buy funds used during the controlled buy, including but not limited to:
   a. personal expense sheet
   b. payment for evidence and infromation form;
7. Phone number Mr. Randle was alleged to have used to arrange the controlled buy;
8. Any evidence that controlled buy funds were later located by police;
9. Any laboratory reports regarding testing of drugs purchased in the controlled buy;
10. Any documents demonstrating chain of custody of drugs purchased in the controlled buy;
11. Names of officers who conducted surveillance of Mr. Randle after the alleged controlled buy;
12. All CRI logs from the alleged controlled buy; and
13. All emails between officers and the court regarding the issuance of any warrants relating to the alleged October 2018 controlled buy.

Hamilton's credibility is an important issue moving forward, and evidence related to the alleged controlled buys in October 2018 and late January 2019 is crucial to Mr. Randle's argument that he should be granted a *Franks* hearing and to the development of effective cross-examination and impeachment. To the extent that the government has information tending to cast doubt on or contradict the information set forth in Hamilton's search warrant affidavits, that information must be produced. The due process requirements of the Fifth Amendment mandate the disclosure of evidence that is material to Mr. Randle's defense, including material that is relevant to witness credibility and impeachment.

If the Court concludes that it is not proper to disclose the sought evidence to Mr. Randle, he argues in the alternative that the government submit it to the Court for in camera review, and that the Court then determine if the evidence should be disclosed to Mr. Randle.

Based on the above-stated arguments, Mr. Randle respectfully requests that the Court compel the disclosure of the above-specified information, as well as any other information related to Officer Efrem Hamilton's past interactions with Mr. Randle that falls within the purview of *Brady* and *Giglio*.

Dated: September 13, 2019        Respectfully submitted,

<u>S/Thomas H. Shiah</u>
Thomas H. Shiah #100365
331 Second Ave South, Ste 705
Minneapolis, Minnesota 55401
(612) 338-0066

ATTORNEY FOR DEFENDANT