# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-50 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Johntez Leondis Randle (1), | |
| Defendant. | |

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Thomas H. Shiah, Law Offices of Thomas H. Shiah, Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion for Continuance of the Motions Hearing. (ECF No. 65). For the reasons set forth below, the Court will grant the motion.

I. **BACKGROUND**

Defendant Johntez Leondis Randle seeks a continuance of the October 7, 2019 motion hearing. This is, by the Court's count, the seventh motion for a continuance that Defendant has brought in this matter. (ECF Nos. 9, 29, 31, 40, 47, 57, 65). The majority of these requests relate to Defendant's motion for a *Franks* hearing.

A motion hearing was held on this matter on July 24, 2019. There, the Court took under advisement and subsequently ruled on several non-dispositive motions. The Court

also heard and denied on the record Defendant's motion for new counsel and his previous attorney's oral motion to withdraw as counsel.

It was at this motion hearing that Defendant made one of his seven requests to continue his motion for a *Franks* hearing. The Court granted the motion to continue in part so that Defendant could supplement his *Franks* hearing motion with additional information. (ECF No. 62, p. 8). The Court and the parties also discussed Defendant's Motion for Supplemental Discovery. (ECF No. 39). Defendant's then-attorney agreed that this motion would be argued at the same time as his motion for a *Franks* hearing and that if the Court granted the supplemental discovery motion, the Government would "be required to disclose discovery that we could then decide who the witnesses [for the *Franks* hearing] are." (ECF No. 62, p. 9). The Court reset the hearing on Defendant's motion for a *Franks* hearing (and other motions) for September 30, 2019 and ordered Defendant to submit any additional material on his motion for a *Franks* hearing by August 23, 2019. (ECF No. 47).

New counsel was appointed for Defendant shortly after the motion hearing concluded. (ECF No. 56). The Court then reset the hearing on Defendant's motion for a *Franks* hearing for October 7, 2019, so that new counsel could acquaint himself with the matter and present additional materials in support of the continued motions. (ECF No. 60). The Court ordered Defendant to file any new materials on or before September 13, 2019. (ECF No. 60).

On September 13, rather than file his supplemental materials, Defendant moved for another continuance and filed a second motion for supplemental discovery. (ECF Nos. 65

& 66). Defendant argued that a continuance was necessary because much of what he needed to address the motion for a *Franks* hearing was "in the hands of the government." (ECF No. 65). Defendant further asked that the Court grant both motions for supplemental discovery before the motion hearing and continue the matter so he could review that discovery and present additional argument. The Government filed a response to the motion to continue on September 19, 2019.

## II. ANALYSIS

The Speedy Trial Act requires that a defendant's trial begin "within seventy days from the indictment or the first appearance, whichever occurs later." *United States v. Porchay*, 651 F.3d 930, 935 (8th Cir. 2011) (citing 18 U.S.C. § 3161(c)(1)). The Court may, however, continue a matter and exclude time from the 70-day limit when warranted. *See* 18 U.S.C. § 3161(h). Exclusions are warranted when the Court determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A).

Here, Defendant seeks a continuance so the Court can rule on two motions for supplemental discovery and so Defendant can review that discovery before making his argument for a *Franks* hearing. Under the United States Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant "may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013). The Court may grant a *Franks* hearing, however, only if the defendant makes a substantial preliminary showing the affiant (1)

"'knowingly and intentionally' made false statements or made them in 'reckless disregard for the truth' and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause." *Id*. (citation omitted). The requirement of a substantial preliminary showing "is not lightly met." *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 1998) (citation omitted).

Criminal defendants do not, however, "have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). "In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Id*. Though the burden is on Defendant to make a substantial preliminary showing, the fact that a defendant seeks a *Franks* hearing does not entitle him or her to additional discovery before the *Franks* hearing.[1] The *Franks* court expressly cautioned that the purpose of the substantial preliminary showing was to "prevent the misuse of a veracity hearing for purposes of discovery or obstruction." 438 U.S. at 170. For this reason, the Court will decline to rule on the motions for supplemental discovery at this time. The Court will consider whether such discovery is appropriate if it determines that a *Franks* hearing is necessary. Accordingly, good cause does not exist to continue the motion hearing so that Defendant may review supplemental discovery.

But because Defendant did not file any supplemental argument or materials in support of his motion for a *Franks* hearing and instead moved for additional discovery, the

---

[1] To the extent the materials Defendant seeks are discoverable under a separate statute, rule or case, such as *Brady* or *Giglio*, the Court expects those materials to be disclosed to Defendant.

Court concludes, pursuant to 18 U.S.C. § 3161(h), that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial and that the continuance is necessary to permit Defendant to file additional material in support of his motion for a *Franks* hearing. Absent extraordinary circumstances, *this is the last continuance the Court will grant*. At the motion hearing, the Court will hear argument on whether a *Franks* hearing is appropriate and, if so, whether Defendant should be afforded the supplemental discovery that he seeks. The Court will also consider the other outstanding motions at that time as well.

Therefore, based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant Randle's Motion for Continuance of Motions Hearing (ECF No. 65) is **GRANTED**.

2. The period of time from **September 13, 2019 through October 29, 2019**, shall be excluded from Speedy Trial Act computations in this case.

3. Supplemental briefing on Defendant's Motion for Hearing Pursuant to *Franks v. Delaware* (ECF No. 22), Defendant's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 21), Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 17), and Defendant's Motion for Supplemental Discovery (ECF No. 39) shall occur as follows:

    a. Defendant's supplemental brief shall be filed on or before **October 7, 2019**; and

      b.      The Government's response shall be filed on or before **October 21, 2019**. The Government need not file any response on September 27, 2019, as was previously directed by court order.

4. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

      a.      The government makes timely disclosures and a Defendant pleads particularized matters for which an evidentiary hearing is necessary; or

      b.      Oral argument is requested by either party in its motion, objection or response pleadings.

5. The motions hearing shall be heard before Magistrate Judge Tony N. Leung on **October 29, 2019**, at **1:30 p.m.** in **Courtroom 9W**, U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. D. Minn. LR 12.1(d).

6. If either party wishes to call witnesses at the October 29, 2019 motions hearing regarding Defendant's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 21) that have not been previously identified in a Notice of Intent to Call Witnesses, the party must file a supplemental Notice of Intent to Call Witnesses, D. Minn. LR. 12.1(c)(3)(A), or, if applicable, a Responsive Notice of Intent to Call Witnesses. D. Minn. LR 12.1(c)(3)(B). Any Supplemental Notice of Intent to Call Witnesses shall be filed by **October 21, 2019**. Any Supplemental Responsive Notice of Intent to Call Witnesses shall be filed by **October 24, 2019.**

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: September 23, 2019                         *s/ Tony N. Leung*
                                                            Tony N. Leung
                                                            United States Magistrate Judge
                                                            District of Minnesota

                                                            *United States v. Randle*
                                                            Case No. 19-cr-50 (ADM/TNL)