UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-50(1) (ADM/TNL)

---

United States of America,

                    Plaintiff,

vs.

Johntez Leondis Randle,

                    Defendant.

**SECOND MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS THE FRUITS OF AN ILLEGAL SEARCH AND SEIZURE**

---

Johntez Randle submits this second memorandum in support of his Motion to Suppress fruits of an unlawful search and seizure (See Exhibit A). A previous memorandum (Dkt. 68) has been filed and this memorandum should be considered a supplement. Although it has been authored by the defendant, it has been reviewed by counsel and provides further support for the defendant's position on the issue before the Court.

Dated: October 7, 2019

                                                      Respectfully submitted,

                                                      S/Thomas H. Shiah
                                                     Thomas H. Shiah #100365
                                                     331 Second Ave South, Ste 705
                                                     Minneapolis, Minnesota 55401
                                                     (612) 338-0066
                                                     Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-50 (ADM/TNL)

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Pro-Se Memorandum In Support of |
| v. | ) | Motion to Suppress The Fruits of An |
| | ) | Illegal Search and Seizure |
| JOHNTEZ LEONDUS RANDLE, | ) | |
| | ) | |
| Defendant. | ) | |

## I. The Affidavit On The Place To Be Searched Lacks Probable Cause

When looking at the circumstances the vague Affidavit in my case, you can realize the information casts concern. Here in the present Affidavit, it states Randle is on U.S. Probation, and that Randle has 9947 Vera Cruz Lane listed as his reported address although there is no indication of when it was listed. United States v. Ways, 832 F.3d 887; where the connection was not reliable even tho he listed the address to his probation officer. Thus a nexus can not be established or made, concluding from that given information. Also The statement does not factually say I live there, or that anyone told the affiant I live there, see *United States v. Johnson* (d.d.c.). (Where the Affidavit insufficiently link the suspect with the place to be searched and failed to state that anyone actually told the officers that the suspect lived or stayed there.) See also *Nathanson v. United States* 290 U.S. 41, 78 L. Ed. 159, 54 S. Ct. 11 (1933). To the present, the Affidavit has merely conclusory statements that give the magistrate virtually no basis at all for making a judgment regarding probable cause.

Sufficient information must be presented to the magistrate to allow that official to determine probable cause. Here in the present Affidavit, the statement in regards to Randle has 9947 Vera Cruz Lane listed as his reported address is not sufficient. The Affidavit at hand does not state facts to support probable cause. The statement does not establish this is where I reside, nor does the Affidavit state probation gave the affiant the address, nor does he mention he used a database to get the information. Nor does the Affidavit mention any surveillance other than me being allegedly followed once. The information is not sufficient, to support probable cause to search the home of someone else where I'm not on the lease, and have not been seen there more than an alleged following. The statement in regards

1

to him saying I drove home from the city of Minneapolis to Brooklyn Park is another one of Officer Hamilton's conclusory opinions. The affiant does not mention the affiant ever being at the home prior or after the controlled buy to confirm his belief that this is my home. A conclusory allegation alone cannot support probable cause. There's no factual basis to confirm it's my home and there's no physical surveillance seeing me coming and going. There is no mention that the vehicle allegedly used in the controlled buy was seen at the address, see *United States v. Barron-Celis* (8th Cir). (Honorable Judge Ann D. Montgomery found where law enforcement conducting surveillance of Huerta-Gonzalez at the Woodbridge Street Address law enforcement conducted multiple controlled purchases of methamphetamine from Gonzalez, Gonzalez was observed leaving the Woodbridge Street residence driving to the deal location and then returning to the Woodbridge lane, In addition detective Munoz's affidavit described Gonzalez leaving from and returning to his Woodbridge Street residence in connection with the controlled buy established the sufficient nexus). Here in the present case, law enforcement does not mention any surveillance of the residence or that they have seen me leave the residence, only that they allegedly followed me one time. *United States v. Mayweather (District Of Minnesota, (2018)* (Where United States Magistrate Judge Menendez stated the warrant provided strong indication that the place that was searched was in fact Mr. Mayweather's home). In the present warrant application, that cannot be said.

    Probable cause requires facts and the affidavit lacks facts to connect me or any alleged criminal activity to the place to be searched. The Affidvait does not mention who was the owner or lease holder of the home. There's no background information on the home in regards to where the affiant received his information. It does not outline if either a probation officer told him, or who told him I lived there. Even if I had it listed as a reported address, without surveillance of me at the place coming and going or a vehicle that ties me to the residence there is an insufficient connection. Probable cause cannot be supported off conclusory statements, anything would be possible to search if that was so, but probable cause requires facts, which are not present in this Affidavit as has been outlined. It is just an assumption that this is my address and in fact where I live. *United States v. McNeal* (7th Cir) (The Affidavit in McNeal contains insufficient information to establish a fair probability that McNeal actually lived at the residence at 7150 N. Lakeside Drive. Any inference that McNeal lived at the Lakeside Drive address is based solely on Detective Forrest's conclusory opinions as there is no indications about utility bills or records of property ownership were relied upon or that a vehicle registered to McNeal was seen parked outside the residence, or that anyone reported McNeal lived at the residence, or even that McNeal was seen coming and going from the house).

Similar to the present Affidavit, Officer E. Hamilton's conclusory opinion that he followed me home lacks any factual basis for his conclusion. The search warrant application lacks the facts of ownership that anyone from probation gave him that address and there's no information in regards to database information where he could of obtained information from, nor did the owner of the home present information that this is factually where I live. The evidence does not establish it's a fair probability that this is my residence, much less any standing for illegal activity occurring at the residence. *United States v. Parker* (8th Cir). (There is nothing in the Affidavit itself that provides facts to establish that the defendant lived at the address and there is nothing stating who lived at the address, who owned the address, also there's no reference to drug activity at the residence). Similar, in the present case, there was nothing connecting me to the home as has been reviewed. It may have been a reported address, but it may also be possible that I didn't live there as well without additional information that should have been provided and researched or observed further by Officer E. Hamilton, the Affiant.

There are numerous failures in the Affidavit that fails to establish the nexus of criminal activity as the warrant application is completely void of anything connecting the residence. The information provided may make a judge believe there was probable cause for an alleged controlled buy, but this information to search the residence of someone else is not mentioned in the Affidavit and was insufficient to search the home. The lack of investigation and facts to support the probable cause or the fair probability finding in my case requires the warrant to be found unconstitutional. *United States v. Tellez* (8th Cir.), *Unites States v. Taylor,* (8th Cir.), *United States v. Patterson* (8th Cir.), *United States v. Davis* (8th Cir.), *United States v. El-Alamin,* (8th Cir.), *United States v. Aron* (8th Cir.), *United States v. Bieri* (8th Cir.), *United States v. Smith,* (8th Cir.), *United States v. Riley* (8th Cir). These cases have established the place to be searched must have an established fair probability of criminal activity. Reviewed in full, the facts are they did not investigate me coming and going and furthermore there is no surveillance of me at the home. The alleged following of me back to the residence if even true, was a single occasion and I was not seen more than once at the residence and was not seen leaving the residence. The CRI in the Affidavit does not mention anything about the residence. There are no statements from anyone to state that any illegal activity was happening at the address to support a fair probability of criminal activity at the residence.

There's nothing in the Affidavit that says the home is connected to a controlled buy that happened in the City of Minneapolis. The lack of the investigation precludes a proper judicial decision to issue a warrant and also precludes reliance of good faith because Officer E. Hamilton was aware

there was no probable cause to search the residence. Considering the totality of the circumstances in regards tot the evidence provided in the four corners of the Affidavit are insufficient to establish probable cause. It only equals a mere suspicion or belief which again does not equal probable cause. The only argument the government is able to put forward is that an alleged controlled buy took place and they alleged to have followed me back to my residence, and that drug proceeds may be possibly found. The argument must fail on its merits because it is not a substantial basis to find that this was my actual residence. There's no evidence that was provided consistent with me residing at an address. Factually, there is no mention of drug activity at the home, no mention of surveillance and the alleged crime that is questionable took place elsewhere. There is no link to the alleged criminal activity because it was alleged to have taken place in Minneapolis. A direct link to the criminal activity would be required. *United States v. Brown* (6th Cir.) (Here there is no direct connection the Affidavit indirectly connected the defendant to the residence). *United States v. Tellez* (8th Cir.). (Where he left and then returned after the controlled buy under surveillance). In the present case the Affidavit stated I was followed back and no clue as to where I arrived from. The affidavit does not establish a sufficient nexus to connect the home to the suspected criminal activity. *United States v. Lalor* (4th Cir.) (The warrant was invalid for failing to connect the residence with the suspected criminal activity). Furthermore, you can't establish a fair probability of criminal activity if you don't do an investigation or any surveillance. The affidavit also lacks any statement as to why any illegal activity or fruits thereof would be found at the residence. Suppression was upheld by the Tenth Circuit Court of Appeals with the same deficiency in *United States v. Gonzalez,* 399 F.3d 1225 (2005) (There were no facts in the affidavit explaining why the police thought that the items to be seized would be located at the residence). The same holding should be made in this case where Officer Hamilton made no explanation of why he believed he would find anything in the residence.

    In addition, I was never observed physically entering the residence nor was the unknown person that was alleged in the vehicle seen entering the residence. The vague assertion in the Affidavit does not provide the judge with sufficient information to search when the only things that is stated as far as them seeing me was the alleged vehicle. There is no physical verification or statement that I even entered the residence. They allegedly used a CRI who has not yet been proven to be reliable other than the affiant stating they were reliable. This is coming from Officer E. Hamilton who has been proven not to be reliable as he has lied throughout the affidavit more than once. There has to be some facts showing that the residence had been used in drug trafficking such as the alleged CRI stating he bought drugs at the residence, or that I sold drugs near the residence which never occurred. The mere statement

alleging you followed me back to my residence does not give rise to the belief to a fair probability of finding anything. There was no prior information in the affidavit to support that. *United States v. Tellez (8th Cir.), United States v. Taylor* (8th Cir.)(where they established a fair probability that the residences were being used for drug trafficking activities). The fact is, in my case I could have been going back to a residence for any purposes. The other issue is they only allegedly followed me once without any investigation of the residence. This may support and inchoate hunch or mere belief, but it does not support probable cause.

Case law states conclusory statements alone cannot support probable cause as well as those statements do not provide evidence this is my home and the statement that they allegedly followed me to this address sure does not establish anything. In addition., the search warrant does not Affidavit contained no evidence that I distributed narcotics from the home, that I used it to store narcotics, or that any suspicious activity had taken place there. Also, in addition the Affidavit did not suggest the CRI nor anyone had purchased drugs there or that the police had ever conducted surveillance there. Following me back does not support the required nexus nor can it be inferred because there's no mention to illegal activity at the residence and I was also not seen coming and going from the residence. The judge was not provided with enough information to determine the home was connected in any way. We can assume anything but facts are required. Here the judge was not provided with sufficient facts to believe the place to be searched contained drugs. Officer's jobs are to investigate crime and not just go off a hunch, or that you may have had past dealings with an individual.

## II. Controlled Buy Lacks Required Evidence

The Affidavit does not provide any physical description of me to the judge nor does the Affidavit give any contact information regarding how they called and arranged a controlled buy. Common sense says you have to have a phone number to call and arrange a controlled buy so that would be expected and is customarily provided in a warrant application affidavit. Again, all of this would give reasonable cause to suspect that there was in fact no one actually followed back to the residence and this was made up by the affiant as there is no other explanation why all of this pertinent information would be left out of the application. In addition, even the color of the vehicle was stated to be silver when in actuality I do not even have a silver vehicle again placing the veracity of Officer E. Hamilton in question, and undermining a belief that anyone was followed back to the searched residence.

The court must look at the totality of the circumstances and not overlook them. The facts are there was not a phone number to make a controlled buy. In the Affidavit the CRI states a male around Minneapolis was selling cocaine and the affiiant identified me through investigative techniques which are not explained. In addition, the affiant does not state he sent the CRI to me more than once to even use some kind of investigative techniques. The Affidavit mentioned the CRI contacted me but there is no phone number listed which makes the CRI contact not reliable. Probable cause does not exist for the residence. There were no facts stated of any wrong doing or any complaints from the neighbors about foot traffic which would help connect drug related activities. To the residence. The only link between me and the alleged sale of cocaine and the home is the sale itself, however this alleged sale took place away from the home and my alleged dealing occurred in and around Minneapolis, a city in which the home is not located in. There is no evidence to give a reasonable person a belief of searching for evidence when he didn't even attempt to do surveillance and didn't bother to gather more information. The court has to require more, just as Judge Donovan Frank has stated in *United States v. Nelson,*

> Relevant or not, this Court has reviewed hundreds of search warrant affidavits in more than twenty years on the bench. The instant search warrant did not provide probable cause for the search of 3626 McKinley Street Northeast. The affidavit is more conclusory than any that this Court has reviewed. That is especially significant on the facts of this case since one person -- Investigator Guy -- possessed all of the information including, presumably, the age of the information, the source of the information, and the credibility and veracity of that information. Yet, such critical information appears nowhere in the search warrant. The United States, in its objections, suggests that it is significant, if not constitutionally determinative, that Investigator Guy had 34 years of experience, including 18 years of fraud investigation experience. However, "saying it is so does not make it so." LEXIS 11041 Crim. No. 04-465(1) (DWF/JSM)(Dist. Minn. 2005). Officer Hamilton stating there is probable cause at the searched address in this case does not make it so.

Affidavits are to be read with common sense. Well the Affidavit here does not make any sense to believe it established a sale taking place because there's no phone number. There is no physical description of me from the alleged CRI. There is no description of who was allegedly with me. There is no description of the interaction. There is no report to support any controlled buy. Reading this with a common sense perception would leave a reasonable person to question if the controlled buy even actually exists nor is one able to believe that I was actually followed.

The lack of police work and doing more was needed to support probable cause. This case will set the tone for officers in the line of drug trafficking crime to investigate if properly resolved. Here, the affiant did not care to investigate because he has targeted me and the evidence proves it by the lack of investigation. Even if the controlled buy happened, and he knew me, the affiant was still required to

do more investigating to confirm this is my address and that I used the address for drug trafficking activity. There was not one single mention to any surveillance. The affiant did not bother to show whose home he was searching or anything. There was a complete lack of respect for the Fourth Amendment with the officer placing this before a magistrate.

### III. Additional Failures in the Investigation

Furthermore, beyond that there's problems with the Affidavit establishing whose home this is that the affiant went and got the search-warrant for. Furthermore, there is a lack of any drug trafficking from the residence. *United States v. Rios-Uscanga* (8th Cir). (Where the warrant affidavit failed to establish that proof of drug trafficking would be found at the residence and there was no showing of a tie between the residence and the defendant's illicit activities.) Similarly, in my case, if you only follow a person once to a residence does not support the conclusion there would be drug trafficking items found at the residence. Because the facts are that this was the affiant's first alleged following to that address.

The evidence contained in this affidavit is just not enough. *United States v. McNeal* (7th Cir). (Where the Court found no information linking McNeal to illegal drug activity and the lake side drive Residence is contained in the detectives Affidavit. There was no indication that McNeal (or his operative) was or were seen on the premises in possession of illegal drug proceeds or records or even seen near the premises at all). Without such information connecting the drug activity with McNeal and the Lakeside address the officer could not rely on the warrant. The similarity in my case is there is no information in the Affidavit that can connect any drug activities at or near 9947 Vera Cruz Lane. *United States v. Brown* (6th Cir) (Insufficient nexus as a direct connection was required). *United States v. Laughton* (6th Cir) (Reversing a district court decision based on Leon exception where there was no modicum of evidence however slight to connect the criminal activity to the place searched). *United States v. Simpkins* (8th Cir.) (Where police officers followed a drug suspect to a residence, but did not have direct knowledge that the suspect lived there, and that he had been followed back to the residence after a controlled buy when the police believe they just found the safe house, the magistrate's conjecture that for all police knew Garrison might have gone to 3613 State Line to visit an uncle who had no knowledge of Garrison's narcotics trafficking).

Because of the fact that an innocent purpose might explain conduct, the warrant was invalidated on the grounds of it lacking probable cause, although it was upheld on good faith. Similar to my case,

7

the mere fact that after an alleged controlled buy, the officers allegedly followed me back to an address does not give you a reason to believe this home is being used for drug trafficking. Following someone does not mean I stored drugs at that location or that location is where the drugs are. This is no more than an innocent detail. There is no sufficient nexus because there's a lack of information to conclude that evidence of a crime would be found.

When judges look at the whole picture and in a common sense manner it's stated that the Fourth Amendment we should be protected from unreasonable searches. In my case, the search was unreasonable. The Affidavit just states that Mr. Randle is on probation and that Randle has 9947 Vera Cruz Lane listed as his reported address. While this may be true, the affiant doesn't state he contacted the probation office to confirm it is still my current address. This lack of foundation does not allow an intrusion of ones Fourth Amendment rights. There are no hard facts or evidence that ties me to the residence, and the record is void of evidence that drug activity is occurring at the address. Just my mere present at the address does not constitutes a direct nexus. United States v. Ways, 832 F.3d 887; "Evidence was insufficient to support defendant's conviction for being a felon in possession of ammunition under 18 U.S.C.S. ⌐ 922(g)(1), as it was in a storage area in the basement of the home where his daughter and her friend resided, and defendant's mere presence there was not sufficient to show his possession." The judgment was reversed as to conviction for being felon in possession of ammunition. Even with the evidence showing the assumption defendant may have lived at that residence, the evidence does establish that Ways had a connection to the residence and was present there, "mere presence [in a house where contraband is located] is not sufficient to support a conviction for possession." As stated in the Ways Jr. case 18 U.S.C. ⌐ 922(g)(1). "As to this count, we agree. The ammunition in question was found in a storage area in the basement of the Lincoln, Nebraska, home where Ways' daughter and girlfriend lived. Ways had given the address to his probation officer and identified the home as his daughter's residence. Items of men's clothing were found in the master bedroom. A few business records related to Ways' shops were also found in the house, and in the living room there was a cardboard box with shipping labels addressed to "Frank Foitz" at one of the Exotica stores." Though Ways admittedly stayed in the house regularly, he did not own the house and it was not his only-or primary-residence. Ways' probation officer testified that a different address "had always been listed" as Ways' primary address, and that Ways had provided the additional address only because it was where his daughter lived. The government cites to clothing found in the master bedroom and business records found in an unspecified location in the house as evidence that Ways had a connection to the house-but a mere connection to a house is insufficient to prove constructive possession of

8

contraband therein. See Cruz, 285 F.3d at 697-98. The language used in this case show there was not a sufficient amount of evidence to establish a connection between Mr. Randle and the location search at 9947 Vera Cruz lane. moreover an address being listed, does not mean the person who may of listed the address actually live there. In Ways case the listed address wasn't even his primary residence simply put, the actual owner name is not even mention in the four corners of the warrant application, the warrant could of explain that Randle stayed at the residences with his girlfriend, father, cousin, there was no mention as to, who even live at this residence, the mere statement that this is my home without more evidence is insufficient to tie me to the home, the information stating 9947 Vera Cruz lane was my residence is not supported by the evidence in the search warrant application, here in the ways case there was much more then an affidavit that just said someone had an address listed as his reported address, it listed that ways told his probation officer that his girlfriend and his daughter live at the address, the affiant in this case does not mention anything, just Randle has 9947 Vera Cruz lane listed as his reported address, and that he follow me home, without any reliability evidence of it being my home, even given the listed address in ways, it wasn't enough to establish a conviction for ammunition found in the home of someone else, moreover even if the court establish I had a connection to this address, the affidavit presented no evidence that I actually live at the listed address, are that I kept anything at the address, and saying so, does not make it so, without more reliable evidence, the search warrant for this address was attained by the Affiant under false pretenses, where there was no sufficiency to established direct nexus.

    The information is insufficient to establish probable cause. Judge's are in a higher position and must protect the right of people to be secured in their home. There is a lack of investigation as far as establishing this was my home. The lack of surveillance, the vagueness in determining who I reside there with, and the lack of any mention to probation telling him I live there still, and the lack of any mention of database information casts doubt on any reasonable person finding this was clearly the address I stayed at. There was a potential that I was not living there and that needs to be determined by looking at the Fourth Amendment for all those that lived at the address. A judge should not allow the police to search peoples homes where an alleged crime occurred elsewhere. There should be a good reason to searching someones home. If the Courts allow someone's home to be searched without a full investigation it would literally open the doors for numerous illegal searches. More would be required in my case to properly authorize the search of my home and what was provided in my case was insufficient. I would request the Court review the District Court for the Eastern District of Michigan, Southern Division, 354 F. Supp. 3D 785 (2019), "[s]imilar to the facts in Brown, the search

warrant affidavit in the present case "contain[s] no evidence that [Defendant] distributed narcotics from his home, that he used it to store narcotics, or that any suspicious activity had taken place there." Id. at 382. Additionally, like the Brown defendant, none of the DEA's confidential informants have indicated that Defendant sold drugs to them from his home, nor did Tillman conduct any surveillance of the currently-rented Harbor Town apartment and observe activity indicative of drug trafficking. *United State v. Myles* 307 F. Supp. 3D 676 (E. Dist. Of Michigan 2018) (quotations omitted). Officer Hamilton's affidavit failed to produce even a scintilla of evidence of drug activity at the searched residence.

Factual information must be present and the missing links stated in the Affidavit cannot support probable cause. There is the missing link as to drug activity connected to the home. It is missing the link as to who told the affiant that this was the home of Randle. There is a missing link to me coming and going to the residence. There is a missing link of traffic to the home that would indicate possible drug-trafficking activity. There is a missing link as to me ever being seen prior at the residence. There is a missing link between the vehicle and the listed residence for the vehicle. There is a missing link as to anyone telling the police I sold drugs at the home. There is a missing link as to me even being at that location more than once and all of these missing links in totality cannot support a fair probability because there's a lack of evidence to connect me or any illegal activity to the home. Drug proceeds were not found and no marked money was recovered, and also this same argument was rejected by a Minnesota State court judge. The judge found that the affidavit as a whole did not create a nexus between the contraband to the location searched, including taking into account the potential of drug proceeds. There was no statement of fact or inference that there would actually be drug proceeds at this location, only listed in the most likely cut and pasted listed of items recoverable **IF** found. In addition, there is a lack of a statement based on Mr. Hamilton's experience drug traffickers generally store their drug related paraphernalia in their residence or the curtilage of their residence and drug traffickers generally maintain records relating to their drug trafficking in their residence or curtilages of the residence. The problem is apparent. Even if there was a statement to the above effect, because the affidavit and the affiant do not describe any direct knowledge of storing drugs there beyond an alleged single drug sale and a single following which is in dispute. This case is similar to *United States v. Rios-Uscanga* where the affidavit said Mr. Rios-Uscanga "was seen entering and exiting, it did not allege that this observation occurred more than once.

If you can't say I live at the home for certain, then you can't say for sure I kept drug proceeds there. There is no evidence to support a conclusion of drug proceeds being stored there. When you

look at the whole picture this search warrant fails to sufficiently link me to the residence. United States v. Ways, connection to the residence unreliable. Further It fails to link me and the home to criminal activity. The alleged following to the residence does not connect the home because they don't know what I could have went there for. That's why there should have been more than one instance of surveillance at the residence to support the affiant's claim of probable cause to search because I was alleged to have lived there.

Furthermore, it's not reasonable because surveillance did not follow me from the residence to infer evidence would be found. Instead the Affidavit should have established me coming from and going to the residence, which it didn't do. Allegedly going to and not knowing where I came from does not support the required inference to support probable cause because there is not evidence to support drug trafficking activities at the residence. There is no surveillance prior at the home to support the inference that I live there or that I kept contraband or evidence of any crime there. The facts that support my claim is there was no surveillance which makes it unbelievable to support the claim of an inference that evidences of a crime would be found there. In addition, this alleged following happened once, with no prior knowledge stated in the Affidavit that the home contained drugs or drug proceeds. Common sense does not amount to someone allegedly being followed amounts to drug trafficking, nor does common sense allow an allegation of drugs at the residence with no information to support the claim. *United States v. Turk* (8st Cir) (He was seen coming from and going to the residence). *United States v. Tellez* (8th Cir.) (Seen leaving from and returning to his address). *United States v. Taylor* (8th Cir.) (Leaving from the residence going to the controlled buy and surveillance of the defendant at the place that was searched). *United States v. Gonzalez* (8th Cir.) (Leaving from and returning to after controlled buy). *United States v. Mayweather* (8th Cir. 2018) (Where they applied the inference after seeing him come and go freely during the daytime, nighttime, and early mornings and afternoon then alleged to have seen him return after a controlled buy). Specific to my case, there is no surveillance of me leaving from the residence to go to a controlled buy and coming back. Neither is there surveillance of me coming and going which might support the normal inference that drug dealers keep drugs where they live. The normal inference doesn't apply because they did not have surveillance on me outside of the one time alleged. Stating that the place to be searched was 9947 Vera Cruz Lane, and that probable cause existed to do so without taking factual information to the magistrates judge is a direct violation of Fourth Amendment rights to be free from unreasonable searches.

Judges are entitled to make inferences that evidence of drug trafficking may be found at a drug dealers home if the information provided to the magistrate is sufficient and accurate. The problem with

this argument is it's clear there are no facts showing that the listed residence had been used in drug trafficking such as an informant who observed drug deals or drug paraphernalia in or around the residence to support the governments claim. The fact that you alleged to have followed me, even if true, does not mean there is evidence to support the inference of drug activity at a residence. Even an address being listed as a reported address does not give a reasonable conclusion that is true United States v. Ways, 832 F.3d 887.

A magistrate is not allowed to fill in any missing pieces in an affidavit that is lacking in probable cause. The number one fact is this alleged following happened once without ever establishing I lived there. There was not even a follow up after the alleged controlled buy to see me coming and going. The only surveillance was after the warrant was signed which was completely void of probable cause with a four corner review. The affiant did not offer any proof to the judge outside of what he put in his affidavit to support his probable cause to search.

In one recent case from the District Court for the District of Minnesota, Judge Michael J. Davis reviewed a suppression request from a defendant where the determination was made by Judge Noel that that probable cause was lacking for the search warrant where there was one controlled buy and a search at a particular address not fully determined to be the residence of Mr. Eduardo Medina-Rodriquez. Judge Noel recommended denial of the suppression by relying on the *Leon* good faith exception; however, Judge Davis sustained the objection to this by the defendant and held that the warrant was so lacking in indicia of probable cause to render reliance on the good faith exception an error. See U.S. v. Eduardo Medina-Rodriquez, United States District Court, Lexis 94196 Crim. No. 07-343 (MJD/FLN) (D. Minn. 2007). Clearly, the same would hold true in the case at hand where there was allegedly only one controlled buy that was followed back to a residence with no other clear proof that the residence searched was the actual residence of the target of the investigation United States v. Ways, 832 F.3d 887; still showing connection is unreliable.

In contrast, there are cases that would support the inference that a residence is confirmed as being used by a defendant such as is found in a 2019 Court of Appeals case out of the Seventh Circuit. The Court found; "Yarber used his girlfriend's vehicle to sell drugs on four separate occasions, and surveillance placed the vehicle at her apartment multiple times. When combined with the fact that Yarber went directly to the apartment after two of the controlled buys, the facts were sufficient to support a finding of probable cause to search the apartment for drug proceeds." *U.S. v. Yarber*, 915 F.3d 1103, (7th Cir. 2019). Clearly, although not binding precedent, there was a much more sufficient nexus for probable cause after numerous controlled buys and multiple times that surveillance placed the

defendant at the target residence. My position is that the District Court should hold to the same standard that is held in the Seventh Circuit by requiring more of a substantial linkage or nexus to determine there is basis to search ones home. The protections of the Fourth Amendment in this case must be upheld despite the evidence found because as the Supreme Court has stated, "[o]nly occasional and more flagrant abuses come to the attention of the courts, and then only those where the search and seizure yields incriminating evidence and the defendant is at least sufficiently compromised to be indicted. ... Courts can protect the innocent against such invasions only indirectly and through the medium of excluding evidence obtained against those who frequently are guilty. ... So a search against Brinegar's car must be regarded as a search of the car of Everyman." *Brinegar v United States*, 338 US 160, 181, 93 L Ed 1879, 69 S Ct 1302 (1949).

**IV. State Court Judge Found No Nexus of Criminal Activity at Residence**

Judge Toddrick S. Barnette of Hennepin County ruled on June 4th 2019, that the warrant in this case did not provide a nexus between the location searched and criminal activity. This ruling underscores the fact that Officer Hamilton was not acting in lawful authority or reasonable belief that that the warrant was valid negating any reliance on good faith. This ruling also produced cases from Minnesota that support the defendant's position that the evidence should be suppressed. Although understanding that the federal courts must make their own decisions in regards to suppression based on constitutional violations, Judge Barnette specifically found that Mr. Randle's and the party that he ruled in favor of with the exact same search warrant had their substantial United States Constitutional rights violated.

**V. Conclusion**

In conclusion of my argument, the evidence is clear that I was never seen coming and going at this residence. There is no mention that I sold drugs there or around there. I was never seen coming back there with drugs. Specific to any drug proceeds, there's no mention to assume any drug proceeds being found because it was within 72 hours, not directly after, and also the affidavit mentions a quantity which could mean a small amount. *United States v. McCown* Case 17-10024-CR (2017) (Where the defendant argued the amount of cocaine and cash involved in each of the two sales was too small to create the inference to create a pattern of conduct, and that no one observed any drugs or other

13

contraband inside the home and the judge agreed the probable cause finding was weakened by these factors). The argument is insufficient to assume drug proceeds could be found. Furthermore, to support my argument there is no surveillance to support the claim that this was my home, and this conclusory link did not support a finding of probable cause. The affiant did not follow up after to support his claim that this was my home, nor did he do any surveillance to establish this is where I live so the affidavit again is lacking in any fair probability that this was my residence. A reasonable, well-trained officer would have to know the search warrant was lacking in probable cause eviscerating any reliance on good faith. The affiant had the knowledge that I was not allegedly seen more than once at the residence. There was no surveillance in support of the finding. The CRI did not make any mention of the home. There was no indication that I sold drugs there that would support any reliance on good faith for the officer to believe that there was probable cause to search the residence.

    The erroneous argument that potential drug proceeds could be found in a drug dealers home should not be entertained by the Court as has already been reviewed in depth. Officer Hamilton did not state that there was a significant amount of controlled buy money utilized in the alleged controlled buy, nor does he provide any statement that it was likely that there would be drug proceeds found at the residence. It is more likely that a drug dealer is utilizing his drug proceeds to obtain more product, or even to buy dinner for his family that night with the same cash. The alleged controlled buy could have been only for $20.00 which indicates there is no way that the affiant could make the conclusion that this was stored in a residence with no corroboration. There is just no logical argument where this could assist in developing probable cause to search a residence where there is absolutely no evidence provided to substantiate a sufficient nexus of drug proceeds with the searched residence. It would be folly and nonsensical to establish a new judicial holding for allowance of the police to so easily obtain a warrant to enter ones home, one of the most sacred locations protected by the Fourth Amendment and what the founders fought so wholly to control, unreasonable search and seizure of ones property. More eloquently, Mr. Justice Jackson stated soon after he returned from the Nuremburg trials, "[t]hese [Fourth Amendment rights], I protest, are not mere second-class rights but belong in the catalog of indispensable freedoms. Among deprivations of rights, none is so effective in cowing a population, crushing the spirit of the individual and putting terror in every heart. Uncontrolled search and seizure is one of the first and most effective weapons in the arsenal of every arbitrary government." *Brinegar v United States*, 338 US 160, 180 [93 L Ed 1879, 69 S Ct 1302 (1949)] (Jackson, J., dissenting).

    Officer E. Hamilton also misled the judge by stating he arrested me more than once and also bought drugs from me on multiple occasions. He also lied in response to a *Franks* hearing request

14

stating that he bought drugs from me on October 18th which is completely untrue. The government can't apply any good faith reliance because the search warrant affidavit is lacking in probable cause and the affiant blatantly misled the judge to believe he arrested me more than once and also that I sold to him more than once. The fatal flaw in the affidavit is that there is no nexus nor is there a fair probability, nor is there a reasonable inference that there is a connection with any illegal activity and the residence searched. The search warrant lacks probable cause because of the fact that the affiant did not do surveillance and had not allegedly been at the residence more than once , and did not mention he had direct knowledge that I lived at the residence.

There was no basis of fact that would lead to the conclusion by the magistrate that there was a reasonable probability that contraband would be found at the residence based on a full review of all the circumstances. I could have been going to the residence for any reason, beyond the scope of any criminal activity. Indeed, "to admit the evidence obtained in this search would set a dangerous precedent. The thin reasoning of the search warrant affidavit would subject any number of homes to searches merely because, at some juncture in time, a defendant had stepped foot on the premises," as found in *United States v. Zelazny*. Just a mere hunch was not sufficient for the violation of my substantial Fourth Amendment Constitutional right of being free from unreasonable searches and therefore all evidence that was recovered from the warrant must be suppressed due to being fruit of the poisonous tree.

Dated this 1st Day of October 2019                     Respectfully Submitted;


                                                        Johntez Randle, Defendant.