# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-50 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Johntez Leondis Randle (1), | |
| Defendant. | |

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Thomas H. Shiah, Law Offices of Thomas H. Shiah Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant Johntez Leondis Randle).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 17); and

2. Defendant's Motion to Seal Document (ECF No. 25).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks discovery materials, including statements, prior criminal records, items material to the preparation of their respective defenses, results or reports of physical or mental examinations, and written

1

summaries of testimony. The Government noted that it is aware of its ongoing duty to disclose. Accordingly, the Government shall comply with its discovery obligations under Rules 12, 16, and 26.2 and shall ensure the prompt provision of full and complete discovery disclosures.

With respect to expert witness reports, the Government notes that it is aware of its obligations concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702–705. The parties shall each comply with Rule 16(a)(1)(G) and Rules of Evidence 702–705 no later than 14 days before trial, but shall make reasonable efforts to comply earlier to avoid any delays in this proceeding. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

To the extent that Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities or not ruled on otherwise by the Court, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

2. Defendant's Motion to Seal Document (ECF No. 25) is **GRANTED**. Defendant seeks to seal three exhibits (ECF No. 24) attached to his memorandum in support of his motion for a *Franks* hearing. (ECF No. 23). The Federal Rules of Criminal Procedure

permit a document to be filed under seal when, as here, the documents contain certain personal identifying information. *See* Fed. R. Crim. P. 49.1(d). The Government does not oppose the motion. Accordingly, the motion is granted and the Clerk of Court is directed to seal the documents located at ECF Number 24 in this matter.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: January 27, 2020                          *s/ Tony N. Leung*
                                                                  Tony N. Leung
                                                                  United States Magistrate Judge
                                                                  District of Minnesota

                                                                   *United States v. Randle*
                                                                  Case No. 19-cr-50 (ADM/TNL)