UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

Case No. 19-cr-50 (ADM/TNL)

v.

**ORDER**

Johntez Leondis Randle,

          Defendant.

This matter is before the Court upon the Government's Motion for an Amended Protective Order. (ECF No. 129). Defendant does not oppose the motion. **IT IS HEREBY ORDERED,** pursuant to Fed. R. Crim. P. 16(d)(1), that the motion is **GRANTED** and body-worn-camera materials shall be distributed as follows:

    1.    <u>Limitations on Use:</u> All body-worn camera materials provided by the Government in preparation for, or in connection with, any stage of this case are subject to this Protective Order. Subject to the limitations contained in this Order, these materials may be used by Defendant and the legal defense team solely in connection with the defense of this case, and any appeal, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

    2.    <u>Legal Defense Team:</u> The legal defense team includes defense counsel (defined as counsel of record in this case, including any subsequent post-trial or appellate counsel); the defense counsel's immediate supervisor; and investigators, paralegals, or support staff members who are working under the direction of the defense counsel. The

legal defense team shall not include Defendant, Defendant's family members, or friends or known associates of the defendant.

3. <u>Limitation on Disclosure beyond the Legal Defense Team:</u> Except as provided by this Order, the legal defense team shall not disclose the body-worn-camera materials or their contents directly or indirectly to any person, entity, or public forum other than members of the legal defense team. Subject to the limitations described below, defense counsel may authorize the viewing of body-worn-camera materials by (1) Defendant; and (2) other persons to whom this Court may authorize disclosure (collectively, "court-authorized persons"). Body-worn-camera materials shall not be given to Defendant in this case for him to retain. Body-worn-camera recordings may be shown to Defendant, but must remain in defense counsel's possession and control at all times except as provided below regarding Defendant's access while in the Sherburne County jail. Except as provided below regarding Defendant's access to the recordings while in custody at the jail, recordings may not be left with Defendant, but must be removed by defense counsel when counsel leaves or is not in the presence of Defendant.

> **Exception**: If Defendant remains in custody at the Sherburne County Jail, the defense team may provide an electronic copy of the body-worn-camera materials to Defendant, in care of the jail staff, so that Defendant can view the materials while in custody and without his counsel present. Defendant shall be allowed to access the materials for review in the booking area of the jail, or other physical space deemed appropriate by jail staff, in a manner that is approved by jail staff. Defendant shall not be allowed to take the materials back to his cell or retain possession of the materials. Each time Defendant desires to review the materials, he must make the appropriate request to jail staff, follow the facility rules, and return the materials to jail staff following his review.

4. <u>Limitations on Copying Body-Worn-Camera Materials:</u> The legal defense

team may make copies or electronically reproduce the body-worn-camera materials as deemed necessary by defense counsel for use in connection with this case. The legal defense team shall not provide a copy, screenshot, or electronic reproduction of the body-worn-camera materials to any court-authorized person, including Defendant. If defense counsel authorizes the body-worn-camera materials to be viewed by Defendant or any court-authorized person, defense counsel shall ensure that Defendant or such court-authorized person does not photograph, take screenshots, or otherwise duplicate the materials. Defense counsel shall maintain body-worn-camera materials, including physical or electronic copies, in a secured environment that limits access to members of the legal defense team. Any copies and reproductions authorized by defense counsel shall be treated in the same manner as the original materials. Defense counsel shall maintain an up-to-date and accurate log of the number of any such copies and reproductions.

5. <u>Notification Regarding this Order</u>: Defense counsel must provide members of the legal defense team, Defendant, and any other court-authorized person with a copy of this Order before providing them access to, permitting them to view, or advising them of the contents of body-worn-camera materials. Such persons must read this Order and sign Attachment A, certifying that he or she understands and agrees that he or she shall not disclose the personal identifiable information or sensitive information contained in the materials to any person who is not a member of the legal defense team or a court-authorized person. Defense counsel shall provide counsel for the Government with a copy of all signed certifications.

6. <u>Disposition Following the Conclusion of this Criminal Case:</u> Following a

dismissal or acquittal in this case, the defense counsel shall destroy, or return to the Government, all body-worn-camera materials. Following a conviction in this case, defense counsel may retain a copy of the body-worn-camera materials in this case only if defense counsel stores the materials in a secure electronic or physical environment that limits access of such materials to the legal defense team for its use in this case. Nothing in this Order prevents the Government from seeking a court order to restrict further the retention of body-worn-camera materials following resolution in the case.

7. <u>Violations of this Order:</u> The disclosure, dissemination, use or retention of body-worn-camera material contrary to this Order shall be deemed a violation of this Order subjecting Defendant, attorneys, or other person to penalties, sanctions, and the like, in addition to any other appropriate remedies.

8. <u>Exclusions from this Order:</u> The restrictions set forth in this Order do not apply to body-worn-camera materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials. Further, the restrictions in this Order are not intended to limit the use of body-worn-camera materials in any judicial proceedings in this case, except as described below.

9. <u>Limited scope of this Order:</u> This Order does not constitute a ruling on the question of whether any particular body-worn-camera material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the admissibility or discoverability of the body-worn-camera material.

10. <u>Modification:</u> Nothing in this Order shall be construed as a waiver or prevent any party from seeking modification of this Order, or from objecting to discovery that it

believes to be otherwise improper.


Dated:  May 27, 2020　　　　　　　　　　*s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　District of Minnesota

　　　　　　　　　　　　　　　　　　*United States v. Randle*
　　　　　　　　　　　　　　　　　　Case No. 19-cr-50 (ADM/TNL)

# ATTACHMENT A:  CERTIFICATION

By signing below, I, _____ *(please print legibly)*, hereby certify that I have read this Protective Order and agree to be bound by its terms.

_____       _____
Date                                                              Signature