UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-CR-50 (ADM/TNL)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHNTEZ LEONDIS RANDLE,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Johntez Leondis Randle agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Randle and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges.** Randle agrees to plead guilty to Count 1 of the Indictment, which charges him with Possession With Intent to Distribute Controlled Substances, specifically a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B).

2.  **Factual Basis.** Randle agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On or about January 30, 2019, in the State and District of Minnesota, Randle knowingly and intentionally possessed with the intent to distribute at least 28 grams of a mixture and substance containing cocaine base. Specifically, on that day Minneapolis

Police officers were executing a search warrant at a residence in Brooklyn Park, Minnesota, and observed Randle arrive there in a vehicle that was being driven by his girlfriend. When he saw police, Randle dropped a plastic grocery-type bag at his feet. Officers subsequently recovered the bag, which contained approximately 270 grams of cocaine base. Inside the residence, officers recovered another baggie containing approximately 39 grams of cocaine base, packaged into 15 separate bindles of approximately 2 grams each. In a bedroom, officers found $6,035 in cash in the bedside nightstand. They also recovered a digital scale, torn plastic baggies, latex gloves, and other packaging materials from the residence. Randle stipulates that he knowingly and intentionally possessed the cocaine base, he intended to distribute the cocaine base, he acted voluntarily, and he knew his actions violated the law.

3. **Conditional Plea and Waiver of Other Pretrial Motions:** Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the parties agree that Randle is entering this guilty plea conditionally, and that he reserves the right to appeal the District Court's denial of his Motion to Suppress (Docket No. 21), his Motion for a Hearing Pursuant to *Franks v. Delaware* (Docket No. 22), his Motions for Supplemental Discovery (Docket Nos. 39, 66), including all of the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation ("R&R") (Docket No. 103) and the Court's order on his motions which adopted in part, and declined in part, the R&R (Docket No. 116). If Randle prevails on his appeal of the Court's ruling on any of the aforementioned motions such that his motion to suppress is granted, new discovery is ordered, or a new hearing is ordered, he may withdraw his plea of guilty. As to all other

pretrial motions filed by Randle, he knowingly, willingly and voluntarily waives his right to appeal the District Court's rulings on such motions, will withdraw and pending motions, and gives up the right to file any additional pretrial motions.

4.  **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a.  a mandatory minimum term of 5 years' imprisonment;

    b.  a maximum of 40 years' imprisonment;

    c.  a supervised release term of at least 4 years and up to 20 years;

    d.  a fine of up to $5,000,000;

    e.  a mandatory special assessment of $100;

    f.  assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920); and

    g.  denial of federal benefits under 21 U.S.C. § 862 (a)(1).

5.  **Revocation of Supervised Release.** Randle understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6.  **Pending Supervised Release Proceeding.** At the time of the offense set forth at Count 1 of the Indictment, Randle was on supervised release in *United States v. Randle*, 14-CR-134 (1) (JRT). There is currently a petition to revoke his supervised release (based on the offense conduct underlying Count 1 of the Indictment) which has been stayed

pending the outcome of this case. As part of this Plea Agreement, Randle agrees that he will admit to the violations alleged in the petition for revocation. The probation officer estimates that Randle's advisory Guideline range on revocation would be 33-41 months' imprisonment. Any sentence would be subject to the provisions and limitation of the Protect Act. As part of this Plea Agreement, and in exchange for Randle's admission to the violations, the United States agrees that it will not take a position on what penalty the Court should impose upon revocation, or whether such penalty should run consecutive or concurrent with the sentence imposed as to Count 1 of the Indictment. The United States understands that Randle intends to ask the Court to impose a concurrent sentence for any prison time that may be imposed for the revocation.

      7.      **Guideline Calculations**. The parties acknowledge that Randle will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.  Base Offense Level. Unless the Court determines that Randle is a career offender, the parties agree that the base offense level is 30 because Randle possessed at least 280 grams but less than 840 grams of cocaine base. (U.S.S.G. § 2D1.1).[1]

---

[1] The Government believes that the probation office may determine that Randle qualifies as a career offender pursuant to U.S.S.G. § 4B1.1(a) because of his previous convictions for Third Degree Assault (MN 2009) and Third Degree Sale of Controlled Substances (MN 2016). At least five judges of this district have found that Minnesota drug sale convictions are categorically overbroad. However, the judge presiding over this matter has not specifically addressed the issue. If the Court ultimately determines that Randle is a career

4

  b. <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.

  c. <u>Acceptance of Responsibility</u>. The government agrees to recommend that Randle receive a 3-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Randle understands and agrees that this recommendation is conditioned upon the following: (i) he testifies truthfully during the change of plea and sentencing hearings, (ii) he provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) he commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. §3E1.1).

  d. <u>No Other Chapter 3 Adjustments</u>. The parties agree that other than as provided for herein regarding acceptance of responsibility, no other Chapter 3 adjustments apply.

  e. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that Randle's criminal history category is VI. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Randle's actual criminal history and related status (which might impact his adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

  f. <u>Guideline Range.</u> If Randle is not a career offender, his adjusted offense level is 27 (30 (base) - 3 (acceptance of responsibility)), the criminal history category is VI, and the Sentencing Guidelines range is <u>130-162</u> months of imprisonment.

  g. <u>Fine Range</u>. If the adjusted offense level is 27, the fine range is $25,000 to $250,000. (U.S.S.G. § 5E1.2(c)(3)).

---

offender, his base offense level and resulting Guideline ranges will be significantly higher (*see* U.S.S.G. § 4B1.1(b)). Randle does not agree that he qualifies as a career offender and he reserves the right to challenge such classification at sentencing and on appeal if necessary. Based on the agreement of the parties with respect to sentencing recommendations, the United States submits that the Court will not need to make a determination as to whether Randle is a career offender.

5

  h. <u>Supervised Release</u>. The Sentencing Guidelines recommend a term of supervised release of at least two years but not more than five years. (U.S.S.G. § 5D1.2). However, the applicable statute requires a term of at least five years. (21 U.S.C. § 841(b)(1)(B).

  <u>Sentencing Recommendation and Departures</u>. The United States agrees that it will not recommend a sentence of more than 120 months' imprisonment in this case. Randle agrees that he will not advocate for a sentence that is below 60 months' imprisonment. Each party reserves the right to make a motion for departures from the applicable Guidelines range as necessary to support its recommended sentence.

  Randle also acknowledges that the Court may not depart downward from the mandatory minimum sentence of 5 years (60 months) imprisonment.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range, except the parties acknowledge that the Court may not depart below the mandatory minimum sentence of five years' imprisonment. If the Court determines that the applicable guideline calculations or Randle's criminal history category are different from what is estimated by the parties, or imposes a sentence that is not within the parties' recommendations, the parties may not withdraw from this agreement, and Randle will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Randle is convicted. (U.S.S.G. § 5E1.3.) Randle agrees the special assessment is due prior to or at sentencing.

10. **Waivers of Appeal and Collateral Attack.** Randle understands that 18 U.S.C. section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Randle hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal his sentence, unless the sentence exceeds 120 months imprisonment. Randle has discussed these rights with his attorney. This waiver applies only to the sentence and does not apply to the appeal rights reserved in ¶3. Randle understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

11. **Forfeiture.** Randle agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of such violation and any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of such violation.

Randle agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. Randle waives all statutory and constitutional defenses to the forfeiture.

Randle also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of his plea by any means provided by law.

12. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and Randle.

Date: 8/24/2020

ERICA H. MacDONALD
United States Attorney

BY: AMBER M. BRENNAN
Assistant U.S. Attorney

Date: 8-19-2020

JOHNTEZ LEONDIS RANDLE
Defendant

BRENT OLIVER JENSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2025

Date: 8/21/20

THOMAS SHIAH
Counsel for Defendant

8