UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

         **MEMORANDUM OPINION AND ORDER**
         Criminal No. 19-50 ADM/TNL

Johntez Leondis Randle,

      Defendant.

_____

Johntez Leondis Randle, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Johntez Leondis Randle's ("Randle") pro se Motion to Appoint Counsel [Docket No. 205]. For the reasons stated below, the Motion is denied.

## II. BACKGROUND

Randle is currently serving a 108-month prison term after pleading guilty to Possession With Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). See Plea Agreement [Docket No. 146] at 1; Sentencing J. [Docket No. 185] at 2. His projected release date is September 30, 2026. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited, Sept. 6, 2022).

Randle states that the mother of his 16-year-old and 18-year-old sons, S.H., died on February 24, 2022. Randle contends that the older son is living in a "stable place," but the 16-year-old son, D.R., lives with his disabled maternal grandmother. See Letter to Court [Docket No. 207] at 1. S.H. had been caring for the grandmother and D.R. before she died. Mot. at 2. Randle states that D.H. has not been going to school, is "basically taking care of himself," and is

struggling mentally.  Id.   Randle wants to be released so he can be a caregiver to D.H.  He asks the Court to appoint legal representation for him so that he may file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### III.  DISCUSSION

A defendant does not have a Sixth Amendment right to counsel in a § 3582(c) proceeding.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Instead, appointment is generally limited only to those instances "that the interests of justice so require."  Cf. 18 U.S.C. § 3006A(a)(2).

Here, the interests of justice do not require the appointment of counsel.  Although the Court is sympathetic to Randle's difficult family circumstances, releasing him would undermine the sentencing factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A) (requiring the court to "consider[] the factors set forth in section 3553(a)" when evaluating compassionate release motions).  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Randle has an extensive criminal history that shows a continual pattern of  reoffending, often while still on supervised release.  See Presentence Investigation Report [Docket No. 156] ¶¶ 31-53.  His past periods of incarceration and his role as a parent did not deter him from committing the offense in this case.  Given these circumstances, the Court is not convinced that releasing Randle after serving less than half of his sentence would reflect the seriousness of his conduct, promote respect for the law, or deter Randle from future criminal conduct.  As such, the interests of justice do not require appointment of counsel.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Johntez Leondis Randle's pro se Motion to Appoint Counsel [Docket No. 205]  is **DENIED**.

BY THE COURT:

Dated:  September 6, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT