UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

       v.

Johntez Leondis Randle,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 19-50 ADM/TNL

---

Johntez Leondis Randle, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Johntez Leondis Randle's ("Randle") pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 209]. Randle argues that extraordinary and compelling circumstances warrant his release because the mother of his 16-year-old son has died. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

Randle is currently serving a 108-month prison term after pleading guilty to Possession With Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). See Plea Agreement [Docket No. 146] at 1; Sentencing J. [Docket No. 185] at 2. His projected release date is September 30, 2026. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited, Mar. 8, 2023).

Randle states that the mother of his 16-year-old and 18-year-old sons, S.H., died on February 24, 2022. Mot. at 5; Presentence Investigation Report (PSR) [Docket No. 156] ¶ 74. Randle contends that his 16-year-old son, D.R., is currently living with his maternal

grandmother, but that she suffers from underlying health conditions and needs Randle's help to care for D.R.  Mot. at 5; Mot. Ex. [Docket No. 209, Attach. 1] at 7.[1]  Randle argues that he is the only available caregiver to take care of D.R.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under §3582(c)(1)(A) is set forth in § 1B1.13 of the Sentencing Guidelines.  The commentary to § 1B1.13 provides four categories of "extraordinary and compelling reasons" for a sentence reduction---the defendant's medical condition, age, family circumstances, or "other reasons" determined by the BOP Director to be extraordinary and compelling.  U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).  Section 1B1.13 also requires the Court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).  The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether

---

[1]  Page citations to the Exhibit attached to the Motion are to the page number in the CM-ECF banner at the top of the page.

2

extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Randle has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility based on the death of his son's mother and the request was denied. Mot. Ex. at 1-2. His Motion is therefore ripe for review.

Although Randle's family circumstances fall within the scope of extraordinary and compelling circumstances set forth in § 1B1.13 of the Sentencing Guidelines,[2] a sentence reduction is not justified because Randle's release would undermine the sentencing factors in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A) (requiring the court to "consider[] the factors set forth in section 3553(a)" when evaluating compassionate release motions). These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide

---

[2] The "Family Circumstances" category in § 1B1.13 provides that "extraordinary and compelling reasons" exist under either of the following conditions:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. §1B1.13 cmt. n.1(C).

just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Randle has an extensive criminal history that shows a continual pattern of reoffending, often while still on supervised release. See PSR ¶¶ 31-53. His past periods of incarceration and his role as a parent did not deter him from committing the offense in this case. Given these circumstances, the Court is not convinced that releasing Randle after serving roughly half of his sentence would reflect the seriousness of his conduct, promote respect for the law, or deter Randle from future criminal conduct.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Johntez Leondis Randle's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 209] is **DENIED**.

BY THE COURT:

Dated: March 8, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT